IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS JAVIER CHAVEZ AVILA,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security;  DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement;  IMMIGRATION AND CUSTOMS ENFORCEMENT, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and  WARDEN OF MCCOOK WORK ETHICS CAMP,<br><br>Respondents. | 8:25CV729<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1.  Petitioner alleges he is being detained at the McCook Detention Center in McCook, Nebraska, by Defendants since December 12, 2025.  He further alleges he has been denied a bond determination in contravention of 8 U.S.C. § 1226(a).  Petitioner alleges his continued detention violates numerous provisions of the Immigration and Nationality Act and its supporting regulations and violates his due process rights under the Fifth Amendment.  See Filing No. 1 at 23–27.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  "The writ, or order

1

to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." *Id.* "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders Petitioner to serve his petition and a copy of this Order on Respondents forthwith and file proof of service with the Court. Thereafter, Respondents shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

IT IS ORDERED:

1. Petitioner shall serve his petition and a copy of this Order on Respondents forthwith and file proof of such service with the Court.

2. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.

3. Petitioner shall have three business days from the date of Respondents' response to file a reply.

4. The Court will thereafter set a prompt hearing on this matter.

5. Furthermore, Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 19th day of December, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge