IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS JAVIER CHAVEZ AVILA, | |
| Petitioner, | **8:25CV729** |
| vs. | |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and WARDEN OF MCCOOK WORK ETHICS CAMP, | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter comes before the Court on Carlos Javier Chavez Avila's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Chavez Avila is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Chavez Avila a bond determination hearing in immigration court.

**I.   BACKGROUND**

Petitioner, Carlos Javier Chavez Avila, is a native and citizen of El Salvador. Filing No. 1 at 4; Filing No. 9 at 3. He entered the United States without inspection in 2010[1]

---

[1] At the hearing, Respondents stated they had no specific knowledge of some of the facts Chavez Avila sets forth in his verified Petition but that they had no reason to contest them.

1

and has remained in the country without contact with immigration authorities ever since. Filing No. 1 at 8. Chavez Avila has a two-year old U.S. citizen child and no criminal history that would subject him to mandatory detention under 8 U.S.C. § 1226(c). Filing No. 1 at 8. He has been detained by ICE since December 12,[2] 2025, when he was arrested during a traffic stop. Filing No. 1 at 9. He is currently being held in the McCook ICE detention center in McCook, Nebraska. Filing No. 1 at 4, Filing No. 9 at 3.

The Department of Homeland Security determined petitioner is in removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention, thereby rendering Chavez Avila ineligible for bond. Chavez Avila now seeks a writ of habeas corpus declaring he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ordering the government to release him or provide him with a bond hearing.

II.     STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

III.    ANALYSIS

---

[2] Respondents state Petitioner's date of detention as December 10, 2025. Filing No. 9 at 3. The discrepancy is immaterial for purposes of the present motion.

Chavez Avila argues he is unlawfully detained because his detention violates the text of the INA and its implementing regulations.[3]  Respondents believe Chavez Avila must be mandatorily detained as an alien seeking admission under 8 U.S.C. § 1225 while Chavez Avila contends he is not an applicant for admission within the meaning of that statute and must be afforded a bond hearing under the properly applicable statute, 8 U.S.C. § 1226.

### A. Statutory Framework

Respondents argue 8 U.S.C. § 1225, entitled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing" applies to Chavez Avila's situation.  Under § 1225(b)(2), "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2) (emphasis added).  For purposes of this provision, "an alien who is an applicant for admission" is defined as an "alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C. § 1225(a)(1).  The terms "admission" and "admitted" mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.  8 U.S.C. § 1101(a)(13).

By contrast, Chavez Avila argues he falls under 8 U.S.C. § 1226, entitled "Apprehension and detention of aliens."  That statute provides that "an alien" arrested on

---

[3] Chavez Avila also alleges that his detention violates the Fifth Amendment right to due process.  Filing No. 1 at 26.  However, the parties focused solely on the statutory issue in their briefs.  Given that the Court is granting Chavez Avila the relief he seeks, it need not reach the unbriefed due process issue.  However, nothing in this order prejudices Chavez Avila's ability to renew his Fifth Amendment challenge should Respondents fail to comply with this order or should he be re-detained in the future.

a warrant issued by the Attorney General "may" be detained but is also eligible for release on bond. 8 U.S.C § 1226(a). Congress recently amended subsection c of this statute in the Laken Riley Act. In contrast to the otherwise discretionary detention of noncitizens under § 1226(a), § 1226(c) as amended requires mandatory detention for certain categories of noncitizens, including those who have been charged or convicted or certain crimes like burglary, shoplifting, or assault of a law enforcement officer. *See* 8 U.S.C. § 1226(c)(1).

To summarize, if a noncitizen is detained under § 1225(b)(2)(A), he or she must remain in custody during removal proceedings, but if a noncitizen is detained under § 1226, he or she is entitled to a bond determination hearing before an immigration judge.

### B. Statutory Interpretation

In interpreting the meaning of a statute, the Court begins with the text itself. *Union Pac. R.R. Co. v. United States*, 865 F.3d 1045, 1048 (8th Cir. 2017). But "[t]he definition of words in isolation, however, is not necessarily controlling in statutory construction. A word in a statute may or may not extend to the outer limits of its definitional possibilities." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). "When interpreting a statute, [the court] must also consider the statutory context in which the words in question appear . . . including both the specific context in which th[e] language is used, and the broader context of the statute as a whole." *Designworks Homes, Inc. v. Columbia House of Brokers Realty, Inc.*, 9 F.4th 803, 807 (8th Cir. 2021), *aff'd*, 126 F.4th 589 (8th Cir. 2025) (internal citations and quotation marks omitted).

Respondents contend Chavez Avila is an "applicant for admission" pursuant to § 1225(b)(2)(A) such that his detention is mandatory. But this interpretation does not

comport with the plain meaning of the statutes or the words in their broader statutory context. First, while Chavez Avila may fairly be described as an "applicant for admission" as Respondents argue, such a focus omits the latter half of § 1225(b)(2)(A) which refers to "an alien seeking admission." Reading § 1225 as Respondents do by focusing solely on the phrase "applicant for admission" would render the phrase "alien seeking admission" superfluous, violating a cardinal rule of statutory construction. See *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) ("[E]very clause and word of a statute should have meaning." (internal quotation marks omitted)).

Second, courts have long interpreted the phrase "alien seeking admission" in § 1225 as applying to noncitizens seeking entry into the country and § 1226 as applying to those "already in the country." See *Jennings v. Rodriguez*, 583 U.S. 281, 281 (2018) ("In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)"). The Court sees no reason to depart from this longstanding and reasoned interpretation of the statutory scheme.

Third, the recent amendments to § 1226(c) via the Laken Riley Act likewise support this interpretation. The Laken Riley Act added new categories of noncitizens who must be mandatorily detained under § 1226(c). See 8 U.S.C. § 1226(c). Were Respondents' reading of the statutes correct, the Laken Riley Act amendments would be redundant because any noncitizen who entered without inspection would already be subject to mandatory detention under § 1225(a)(2)(A) as an applicant for admission. "[W]hen Congress acts to amend a statute, [the Court] presume[s] it intends its amendment to

5

have real and substantial effect." *Pierce Cnty., Wash. v. Guillen*, 537 U.S. 129, 145 (2003). Respondents' proposed "interpretation, which would largely nullify a statute Congress enacted [just last] year, must be rejected." *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *7 (D. Mass. July 7, 2025).

Until recently, longstanding agency practice also treated noncitizens who entered without inspection and were apprehended within the United States as subject to § 1226(a) rather than § 1225(b)(2)(A). However, in September 2025, the Board of Immigration Appeals issued a precedential decision interpreting § 1225 as applying to any noncitizen "present in the United States" who has not been inspected. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). This BIA opinion is not binding on the Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (overruling *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984) which required deference to agency interpretation of statutes). The Court also does not find it persuasive given the statutory interpretation analysis above. The majority of courts to address the question have disagreed with the BIA's interpretation and have instead determined that noncitizens already present in the country are not "seeking admission" within the meaning of § 1226(b)(2)(A) and are thus not subject to mandatory detention. *See, e.g.*, *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *10 (7th Cir. Dec. 11, 2025) *Ambrocio v. Noem*, No. 4:25CV3226, 2025 WL 3295530 (D. Neb. Nov. 25, 2025); *Alvarez v. Lyons*, No. 8:25-CV-672, 2025 WL 3564733 (D. Neb. Dec. 12, 2025); *Barrajas v. Noem*, No. 4:25-CV-00322-SHL-HCA, 2025 WL 2717650, at *5 (S.D. Iowa Sept. 23, 2025); *Avila v. Bondi*, No. CV 25-3741 (JRT/SGE), 2025 WL 2976539, at *7 (D. Minn. Oct. 21, 2025); *Hasan v. Crawford*, No. 1:25-CV-1408 (LMB/IDD), 2025 WL

6

2682255, at *9 (E.D. Va. Sept. 19, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases).

Here, Chavez Avila was not apprehended while "seeking admission" to the country; he was detained inside the country after having resided here for more than fifteen years. Thus, § 1225 is inapplicable to him and § 1226 is the proper statute under which the government can seek to detain and remove him. Under that statute, he is not subject to mandatory detention and must be afforded a bond determination hearing before an impartial immigration judge.

C. Remedy

The parties disagree on what the proper remedy is once the Court grants Chavez Avila's petition for writ of habeas corpus. Chavez Avila points out that § 1226 permits detention of noncitizens only upon arrest on a warrant issued by the Attorney General. He argues that because no such warrant has issued in this case, he should be immediately released from custody. Chavez Avila acknowledges that an administrative warrant "is not a difficult document to obtain," Filing No. 10 at 21, and the Court does not doubt the United States would be capable of obtaining one promptly. However, that does not change the fact that § 1226 can apply only "[o]n a warrant issued by the Attorney General," which does not exist in this case at this time. Accordingly, because the Court has determined § 1225 does not apply and because there is no administrative warrant such as would permit the application of § 1226, there is no authority for Petitioner's continued detention, and he must be immediately released.

Should Respondents wish to re-detain Petitioner, they may do so only under 8 U.S.C. § 1226, meaning re-detention must be done on a warrant issued by the Attorney

7

General, and Petitioner must be afforded a prompt bond determination hearing pursuant to 8 U.S.C. § 1226(a). The Court will retain jurisdiction to enforce this order subsequent to the petitioner's ordered release.

## IV.   CONCLUSION

For the foregoing reasons, Chavez Avila's detention is governed by 8 U.S.C. § 1226(a), and he must be afforded a bond hearing. Accordingly, the Court grants his petition for writ of habeas corpus.

IT IS ORDERED:

1. Chavez Avila's Petition for Writ of Habeas Corpus, Filing No. 1, is granted as set forth herein.
2. Respondents shall release Petitioner immediately after out-processing him. Petitioner may only be re-detained upon a warrant issued by the Attorney General under 8 U.S.C. § 1226(a). Should Petitioner be re-detained, Respondents must thereafter promptly provide him with a bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a).
3. On or before January 20, 2026, Respondents shall file a status update regarding Petitioner's release.
4. The Court will enter a separate judgment.

Dated this 8th day of January, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge